[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 27, 2005
THOMAS K. KAHN
CLERK

No. 05-12444
Non-Argument Calendar
_____

D. C. Docket No. 04-14056-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH P. MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 27, 2005)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

On October 14, 2004, Hugh P. Martin was indicted for one count of possession of pseudoephedrine with intent to manufacture five or more grams of methamphetamine in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. He proceeded to a jury trial, and after the Government presented all of the evidence in its case-in-chief, moved for a judgment of acquittal pursuant to Fed. R. Civ. P. 29. Martin contended that the Government had failed to produce sufficient evidence to prove that he had intent to manufacture methamphetamine and that he had the ability to manufacture more than five grams of the drug. The district court denied the motion,[1] and the jury later found him guilty. On April 8, 2005, the district court sentenced Martin to twenty-four months imprisonment and three years of supervised release. On appeal, he contends that because the evidence was insufficient for a reasonable jury to find that he had intent to manufacture methamphetamine, the district court erred in denying his motion for judgment of acquittal.

We review the sufficiency of the evidence <u>de</u> <u>novo</u>, viewing the evidence in the light most favorable to the Government. <u>United States v. Garcia</u>, 405 F.3d 1260, 1269 (11th Cir. 2005). We make all reasonable inferences and credibility

---

[1] The district court initially denied the Rule 29 motion, but after closing arguments it <u>sua</u> <u>sponte</u> reserved its ruling on the motion as to the issue of the quantity of the methamphetamine Martin intended to manufacture. Although the district court never made an explicit ruling, the parties' agreement that the jury did not need to determine the intended quantity of methamphetamine effectively made the need for a ruling moot.

choices in favor of the Government and the jury's verdict. Id. We must affirm Martin's conviction unless the jury could not have found him guilty beyond a reasonable doubt under any reasonable construction of the evidence. See id.

Nicholas Kent, a special agent with the Drug Enforcement Administration, testified that during a search of Martin's vehicle he found: three packages of pseudoephedrine-based cold or sinus medication; a coiled piece of tubing; a box of matches; a cardboard box labeled hydrochloric acid; aluminum foil; rubbing alcohol; and a chandelier-type bulb with an empty center and a straw sticking through it, with burned residue on the inside of the glass and powdery residue on the inside of the straw. Kent testified that Martin told him that he had bought the pseudoephedrine-based medication "for the cook to use in making methamphetamine."

Kent testified that during a subsequent search of the home of a third party where Martin was residing he found: muriatic acid, which is another type of hydrochloric acid; hydrogen peroxide; and Red Devil lye. He testified that he found several heavily burned items, including: matchbooks with missing striker plates; remnants of six "blister packs," which at one time contained pseudoephedrine-based pills; a roll of aluminum foil; and a mason jar. Kent testified that the items he found in Martin's vehicle and at his residence are used in

3

the manufacture of methamphetamine.

Kent's testimony that Martin had admitted to purchasing the pseudoephedrine-based medication for use in making methamphetamine, together with the totality of the items found in Martin's vehicle and at his residence, and the evidence of their use in the manufacture of methamphetamine support the jury's finding that Martin intended to either personally manufacture or aid another in the manufacture of methamphetamine. Accordingly, the evidence was sufficient for a jury to convict Martin of possession of pseudoephedrine with the intent to manufacture methamphetamine.

AFFIRMED.

4